UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTON DELJEVIC,

        Petitioner,

v.

        Case Number 06-14290
        Honorable David M. Lawson

ROBIN BAKER, DISTRICT DIRECTOR,
BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR BOND,
VACATING STAY OF REMOVAL, AND DISMISSING ACTION**

Anton Deljevic filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he is being held by the respondent against his will. According to the petition, Deljevic was ordered deported in 1997, but he was not taken into custody until September of this year pending his removal. He seeks to be admitted to bail. Presently pending before the Court is the petitioner's motion for an order requiring the respondent to show cause why bail should not be granted. The Court will treat the motion as a motion for interim bail. The respondent has filed an answer to the motion and the petition. The Court heard oral argument from the parties' attorneys on October 31, 2006 and took the matter under advisement. The Court invited the parties to submit additional authority if they chose and set a deadline of November 3, 2006. The petitioner filed a supplemental brief, and after reviewing it the Court does not believe that a further response from the government would be helpful or is necessary, and the matter is ready for decision.

The respondent alleges in his answer that this Court has no jurisdiction to proceed in the matter. The Court agrees that its jurisdiction in immigration matters has been curtailed severely by the Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231, 8 U.S.C. § 1252. Although there are narrow

grounds that remain upon which the Court may entertain a petition from an alien detainee for habeas relief, the petitioner has not presented them here. Therefore, the Court will deny the motion for bail and dismiss the petition.

I.

According to the government, Anton Deljevic is a citizen of the former Yugoslavia. He entered the United States legally on a temporary visa in September 1994; the visa expired on March 13, 1995. Deportation proceedings were commenced , and a hearing was scheduled for November 26, 1997. However, the petitioner did not appear because he had returned home to Albania to attend to family matters. He was granted advance parole to leave the country, but his parole documents warned him that his failure to obtain an adjustment to his status would subject him to removal proceedings. In the meantime, the immigration judge ruled *in abstentia* and entered an exclusion order on November 26, 1997. The petitioner returned to the United States in January 1998. The government does not dispute the allegation that the petitioner was permitted to reenter the country, although there is no evidence that the immigration official was aware that an exclusion order had been entered.

On February 4, 1998, the petitioner filed a motion to reopen the exclusion proceedings, which was denied on March 19, 1998. He appealed the denial to the Board of Immigration Appeals, but the appeal was denied on June 13, 2002. The petitioner eventually was arrested on September 21, 2006. He filed the present petition on September 28, 2006. On September 29, 2006, the Court issued an order staying removal and ordered the petition be refiled to correct violations of the local rules. The petitioner refiled his petition on October 9, 2006 along with his bond motion.

II.

According to his petition, Anton Deljevic does not seek review of his removal order, nor could he in this Court. In *Almuhtaseb v. Gonzales*, 453 F.3d 743 (6th Cir. 2006), the Sixth Circuit confirmed the view that district courts generally do not have jurisdiction in immigration cases to entertain habeas actions to challenge an alien's removal. The court explained:

> The REAL ID Act . . . was enacted on May 11, 2005 in response to the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), which held that under 28 U.S.C. § 2241, federal courts have jurisdiction over habeas petitions brought by aliens in custody pursuant to a deportation order. The REAL ID Act was meant to remedy the seemingly anomalous result that "'aliens who have committed serious crimes in the United States are generally able to obtain more judicial review than non-criminal aliens'" because their habeas petitions would first be reviewed by a district court, whereas non-criminal aliens had to begin their judicial review process in the courts of appeals. *Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 n.5 (2d Cir. 2006) (quoting H.R.Rep. No. 109-72, at 174 (2005)). The REAL ID Act renders petitions for review the exclusive means of judicial review for all orders of removal, except for limited habeas review of expedited removal orders. *Elia v. Gonzales*, 431 F.3d 268, 273 n.5 (6th Cir. 2005) (citing 8 U.S.C. § 1252(a)(2)(D), (a)(5), (e)).

*Id.* at 746-47. The court of appeals also noted that the "[t]he REAL ID Act provision at issue in this case applies to all appeals from removal orders issued before, on, or after the date of the enactment." *Id.* at 747 n.1 (internal quotation marks omitted). *See also* Lee Gelent and Lucas Guttentag, *Selected Points Regarding Federal Court Jurisdiction: Recent Developments; The Real ID Act*, 1514 PLI/Corp. 217, 221 (2005) ("Generally, the jurisdictional provisions [of the Real ID Act] apply to 'cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment . . . .'") (quoting Real ID Act at § 106(b)).

Section 1252(a)(5) of the Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review

>of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5). Section 1252(e) provides in relevant part:

>Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of–
>(a) whether the petitioner is an alien,
>(b) whether the petitioner was ordered removed under such section, and
>(c) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum.

8 U.S.C. § 1252(e)(2). The commentators have viewed these statutes as withdrawing habeas corpus jurisdiction from the district courts in immigration cases. "The principal change made by RIDA [The Real ID Act] is that all challenges to final orders of removal in the future must generally be brought in the court of appeals by petition for review . . . . Habeas corpus to challenge final removal orders has generally been eliminated." Gelernt and Guttentag, 1514 PLI/Corp. at 222 (citing 8 U.S.C. §§ 1252(a)(2)(A) - (C), 1252(a)(4)-(5), 1252(b)(9)).

However, at oral argument, the petitioner argued that this Court has jurisdiction to hear a challenge to the petitioner's detention because the removal order under which he is held is a nullity. He cites to the statute authorizing reinstatement of removal orders, section 241(a)(5) of the Immigration and Naturalization Act, and argues that the provision does not cover his circumstances. The statute reads:

>If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at

any time after the reentry.

8 U.S.C. § 1231(a)(5). The petitioner reasons that when he was allowed to reenter the United States after inspection, pursuant to his advance parole, and following the issuance of the removal order in November 1997, the removal order was extinguished by operation of law. He refers to 8 U.S.C. § 1182(b)(9)(v), which allows the Attorney General to waive the prohibition against removed aliens applying for readmission within five years if the Attorney General finds that "the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien." He also cites *Warner v. Ashcroft*, 381 F.3d 534 (6th Cir. 2004), in support of his argument.

In *Warner*, the court of appeals considered a claim of an alien who first entered the United States with fraudulent papers, was deported, and then reentered the United States illegally. He then applied for an adjustment of status after he married a United States citizen. The application was denied based on the illegal reentry, and the government served notice of its intent to reinstate the prior deportation order. The petitioner challenged the reinstatement in the court of appeals. That court held that reinstatement of the deportation order was proper because "an alien who illegally reenters the United States does not have a right to a hearing before an immigration judge regarding the reinstatement of a prior removal order." *Id.* at 539 (citing 8 C.F.R. § 241.8).

The petitioner here contends that a logical extension of the holding in *Warner* would require that he be granted a hearing because he did not reenter the United States illegally. Language in the *Warner* decision lends some force to that argument. The court acknowledged that all aliens who enter the United States, even those who enter illegally, "'may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.'" *Id.* at 538

(quoting *Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 212 (1953)). The court, therefore, entertained the petitioner's argument that reinstatement of the removal order without a hearing denied him due process. The court summarized the argument as follows:

> Petitioner argues that his due process rights were violated by the fact that his exclusion order was reinstated under § 241(a)(5) without his being able to apply for any type of relief. Additionally, Warner believes the procedures associated with the reinstatement process, set forth in C.F.R. § 241.8, deny him procedural due process. Particularly, Petitioner Warner contends that he was denied a hearing before an immigration judge, denied a right to appeal to the BIA, the right to develop a record, representation by counsel, a right to request relief, and adequate notice of the government's intended action, all in violation of his due process rights.

*Warner*, 381 F.3d at 539.

The court of appeals did not reject those contentions. Rather, the court held that the petitioner could not prevail because he failed to show prejudice flowing from the denial of this procedure since he never contended that he reentered the United States legally. The case does not support Deljevic's argument that the unexecuted removal order of November 1997 is a nullity. Nor does the text of 8 U.S.C. § 1182(b)(9)(v) support the argument that the immigration official who admitted Deljevic in 1997 effectuated a waiver. However, in light of the court of appeals's reasoning, the petitioner's contention in the present case that he ought to have a hearing and review before being deported on the nine-year-old removal order, having subsequently reentered the country legally after inspection, is hardly frivolous.

However, this argument still ignores the jurisdictional issue. Warner sought review of his deportation proceedings in the court of appeals. The statute authorizing review cited by the *Warner* court, 8 U.S.C. § 1252(b), should have pointed the petitioner here in that direction. *Warner*, 381 F.3d at 536; *see* 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of

appeals for the judicial circuit in which the immigration judge completed the proceedings."). The petitioner has cited no case, statute, or regulation for the proposition that district courts have the authority to review the validity *vel non* of deportation orders or make pronouncements as to their continuing validity, and this Court has found none. The Court finds, therefore, that it has no jurisdiction to entertain a challenge to the legality of the petitioner's detention as a removable alien under the habeas statutes.

### III.

The question remains whether the district courts have jurisdiction to entertain post-removal-order habeas petitions by aliens challenging their detentions pending actual removal to their country of origin. The Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that indefinite detention of a removable criminal alien after a removal proceeding would violate a due process right to liberty under the Fifth Amendment. *Id.* at 682. The court of appeals has held that district courts retain jurisdiction to adjudicate habeas applications by aliens challenging the length of post-removal-order detentions. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003). The Sixth Circuit has not commented on the Real ID Act's impact on this remnant of district court habeas jurisdiction in immigration cases. However, at least one court has held that the jurisdiction remains. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (stating that "the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal. However, the Real ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention"). This Court holds that it has jurisdiction to review an alien's detention in accordance with *Zadvydas*.

However, *Zadvydas* construed Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) as not authorizing indefinite incarceration and imposed a reasonable time limit of six months on the amount of time that a deportable criminal alien may be held in custody after a determination of removability has been made, unless the government asserts a "strong special justification" for the detention. *Zadvydas*, 533 U.S. at 690. The reasonableness of the detention is to be supervised by the federal courts in habeas proceedings. *Id.* at 688.

The petitioner in this case has been in custody since September 21, 2006. The length of his detention has not approached the duration deemed by the Supreme Court as "unreasonable." Therefore, under the narrow authority retained by the district courts in such cases, the Court finds no basis to grant bond or other relief from the petitioner's current detention.

IV.

To the extend that the petitioner seeks a review of the order of removal or its *de facto* reinstatement, this Court has no jurisdiction to hear his claim. The Court further finds that the petitioner's current detention does not contravene his liberty interest protected by the Due Process Clause because the length of detention is not unreasonable.

Accordingly, it is **ORDERED** that the motion for release on bond [dkt # 5] is **DENIED**.

It is further **ORDERED** that the petition for writ of habeas corpus is **DISMISSED without prejudice**.

                                                             s/David M. Lawson
                                                             DAVID M. LAWSON
                                                             United States District Judge

Dated: November 6, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon the attorney for the petitioner by electronic means or first class U.S. mail on November 6, 2006.

          s/Felicia M. Moses
          FELICIA M. MOSES